IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JUSTIN LEE TIPTON,

      Plaintiff,

vs.                                                                               No. CV 19-01025 WJ/KRS

WARDEN MARK BOWEN,
STIU SARGEANT GARZA,
STIU LIEUTENANT DAVID JACKSON,
NENMDF MEDICAL,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court under Fed. R. Civ. P. 41(b) on the Complaint for Violation of Civil Rights filed by Plaintiff Justin Lee Tipton on November 4, 2019. (Doc. 1). The Court will dismiss this case without prejudice for failure to comply with Court Orders, failure to comply with statutes and rules, and failure to prosecute.

Plaintiff Justin Lee Tipton is an incarcerated prisoner. He filed a Complaint for Violation of Civil Rights on November 4, 2019. (Doc. 1). The Court granted Tipton leave to proceed *in forma pauperis* on September 10, 2020 (Doc. 4). The Court also required Plaintiff Tipton to make an initial partial payment of $20.94 or show cause why he should not be required to make the payment within 30 days of entry of the Order. (Doc.4 at 1).

When a prisoner is granted leave to proceed *in forma pauperis*, § 1915 provides:

> "The court **shall** assess and, when funds exist, collect, as a partial payment
> of any court fees required by law, an initial partial filing fee of 20 percent
> of the greater of (A) the average monthly deposits to the prisoner's account;
> or (B) the average monthly balance in the prisoner's account for the 6-month
> period immediately preceding the filing of the complaint or notice of appeal."

28 U.S.C. § 1915(b)(1) (emphasis added). Tipton's 6-month inmate account statement shows that

Tipton had an account balance sufficient to pay the initial partial payment but spends his money on commissary purchases. (Doc. 2 at 3-6). *See Shabazz v. Parsons,* 127 F.3d 1246, 1248-49 (10th Cir. 1997). "[W]hen a prisoner has the means to pay an initial partial filing fee and instead spends his money on amenities at the prison canteen or commissary, he should not be excused for failing to pay the initial partial filing fee." *Baker v. Suthers,* 9 F. App'x 947. 949 (10th Cir. 2001). More than 30 days elapsed after entry of the Order and Plaintiff Tipton did not pay the $20.94 initial partial payment or show cause why he should be relieved of the obligation to pay.

On May 11, 2021, the Court entered an Order to Show Cause. (Doc. 5). The Order directed Plaintiff Tipton to show cause, within 30 days, why the Complaint should not be dismissed for failure to comply with the Court's September 10, 2020 Order. The Order also notified Tipton that, if he did not respond to the Court's Order within 30 days, the case could be dismissed without further notice. (Doc. 5 at 2-3). More than 30 days has elapsed since May 11, 2021, and Plaintiff Tipton has not responded to the Court's Order to Show Cause. Nor has Tipton communicated with the Court since he filed the Complaint on November 4, 2019.

The copy of the Court's May 11, 2021 Order sent to Tipton at his address of record was returned as undeliverable. (Doc. 6). New Mexico Department of Corrections records indicate that Plaintiff Tipton is no longer in custody and he has not provided a current address. Pro se litigants are required to follow the federal rules of procedure and simple, nonburdensome local rules. *See Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980). The local rules require litigants, including prisoners, to keep the Court apprised of their proper mailing address and to maintain contact with the Court. D.N.M. LR-Civ. 83.6. Plaintiff Tipton has failed to comply with D.N.M. LR-Civ. 83.6.

Plaintiff Tipton was ordered to make the required partial payment under § 1915(b)(1) or show cause why the payment should be excused but has failed to comply with the Court's Order. Plaintiff Tipton has also failed to keep the Court advised of his address as required by D.N.M. LR-Civ. 83.6.  The Court may dismiss an action under Fed. R. Civ. P. 41(b) for failure to prosecute, to comply with the rules of civil procedure, or to comply with court orders.  *See Olsen v. Mapes*, 333 F.3d 1199, 1204, n.3 (10th Cir. 2003).  The Court will dismiss this proceeding under Fed. R. Civ. P. 41(b) for failure to comply with the with the Court's September 10, 2020 and May 11, 2021 Orders, failure to comply with the Local Rules, and failure to prosecute this case.

IT IS ORDERED that the Complaint for Violation of Civil Rights filed by Plaintiff Justin Lee Tipton on November 4, 2019 (Doc. 1) is **DISMISSED** without prejudice for failure to comply with Court Orders, failure to comply with the Local Rules, and failure to prosecute this case.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE